An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-282

Filed 20 May 2026

Randolph County, No. 22CVS001034-750

ERIE INSURANCE EXCHANGE, Plaintiff,

v.

EUGENE KOBISKY, JASON E. KOBISKY,
and BRAYSON KENDRICK, Defendants.

Appeal by Defendant from judgment entered 8 October 2024 by Judge Paul A. Holcombe, III, in Randolph County Superior Court. Heard in the Court of Appeals 9 September 2025.

> *Martineau King, PLLC, by Joseph W. Fulton and Stephen D. Fuller, for Plaintiff-Appellee.*

> *Randolph & Fischer, by J. Clark Fischer and Miguel Cuadro, for Defendant-Appellant Brayson Kendrick.*

> *No briefs filed on behalf of Defendants Eugene Kobisky and Jason E. Kobisky.*

CARPENTER, Judge.

Brayson Kendrick ("Defendant") appeals from the trial court's order granting a motion for summary judgment filed by Erie Insurance Exchange ("Erie"). On appeal, Defendant argues the trial court erred by granting Erie's motion for summary

judgment.  After careful review, we affirm.

## I.  Factual & Procedural Background

This insurance coverage dispute arises from an accident that occurred after Jason Kobisky—the adult son of Eugene Kobisky, who co-owned an insured vehicle—crossed the center line and collided with a motorcycle driven by Defendant.  Evidence from the hearing tended to show the following.

In July 2016, to obtain insurance from Erie, Eugene completed and signed applications for a personal automobile liability policy covering a 1992 Chevrolet pick-up truck (the "Pickup") and a personal catastrophe policy (collectively, the "Applications").  The Applications required disclosure of all household members, co-owners, and regular drivers of the Pickup and identification of all owners and drivers receiving insurance.

The Applications provided in bold on the first page that "[t]he Applicant applies for insurance and represents the following to be true."  Within the Applications, Erie asked, "Are all vehicles solely titled to (or leased to) a Named Insured?"  Eugene answered, "Yes."  Erie also asked, "Has any driver or member of the household ever been arrested for ANY reason?" Eugene answered, "No."  Erie further asked, "Has any driver or member of the household had an accident, claim, loss, moving violation or driver['s] license suspension/revocation in the last 5 years?" Eugene answered, "Yes," explaining in the driving history section that he had been in several automobile accidents.

Eugene submitted the Applications, and Erie issued the automobile liability policy and the catastrophe policy (collectively, the "Policies"). The automobile policy provided coverage through liability protection, medical payments, physical damage, and extended transportation expenses, and the catastrophe policy covered personal and auto liability.

Eugene, however, did not include Jason, who began living with Eugene in 2021, in the Applications. Eugene considered Jason to be "part owner" of the Pickup and had "[b]oth of [their] names . . . on the title" at the time of the Applications. In 2014, Jason was also charged with a hit-and-run and other driving-related offenses. Eugene renewed the Policies in 2020.

On 6 June 2021, at approximately 1:54 p.m., Jason was driving the Pickup when he crossed the centerline and collided with Defendant's motorcycle. Defendant suffered "terrible life-threatening and permanent injuries[]" because of the collision.

Erie began investigating the accident after receiving notice of a claim from Defendant's insurance carrier. During its investigation, Erie sent three written requests to Eugene and Jason to produce certain documents and appear for an examination under oath, consistent with the requirements of the catastrophe policy. Neither Eugene nor Jason responded to Erie's requests.

On 26 May 2022, Erie filed a declaratory judgment action against Eugene, Jason, and Defendant. Erie requested that the trial court declare Eugene's personal automobile liability policy covering the Pickup void *ab initio* due to Eugene's failure

to disclose that Jason was a co-owner and driver of the Pickup and had a prior hit-and-run offense. Erie later amended its complaint to add a request that the trial court declare the catastrophe policy void *ab initio* as well. Erie's primary assertion was that it did not have to indemnify Eugene under the Policies for any claims stemming from Jason's accident.

Defendant answered Erie's amended complaint, denying the allegations and requesting a jury trial. Eugene and Jason did not answer the complaint. On 23 September 2024, Erie moved for summary judgment. In an affidavit, an underwriting supervisor for Erie stated that, had Eugene disclosed Jason's co-ownership, Erie would have reviewed Jason's driving record and "would not have awarded or renewed the personal catastrophe liability policy[]" or the "private passenger automobile policy." After a hearing, the trial court entered an order granting summary judgment on 8 October 2024. On 28 October 2024, Defendant, but not Eugene or Jason, timely appealed.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 7A-27(b)(1) (2025).

## III. Issue

The issue is whether the trial court erred by granting Erie's motion for summary judgment.

## IV. Analysis

Defendant argues the trial court erred by granting Erie's motion for summary

judgment because genuine issues of material fact remained regarding both the ownership of the Pickup and the materiality of any alleged misrepresentations in the Applications. We disagree.

"Our standard of review of an appeal from summary judgment is *de novo*[.]" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). " 'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2025). "When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001) (citation omitted).

In general, "statements or descriptions in any application for a policy of insurance[] . . . will not prevent a recovery on the policy[]" unless the statements are "material or fraudulent[.]" N.C. Gen. Stat. § 58-3-10 (2025). A misrepresentation or suppression of a material fact "in an application for insurance, will avoid the policy 'even though the assured be innocent of fraud or an intention to deceive or to

wrongfully induce the assurer to act, or whether the statement be made in ignorance or good faith, or unintentionally.' " *Thomas-Yelverton Co., Inc. v. State Cap. Life Ins. Co.*, 238 N.C. 278, 282, 77 S.E.2d 692, 695 (1953) (quoting *Equitable Life Assurance Soc. of U.S. v. Ashby*, 215 N.C. 280, 284, 1 S.E.2d 830, 833 (1939)).

"[A] misrepresentation on an insurance application is material 'if the knowledge or ignorance of it would naturally influence the judgment of the insurer in making the contract, or in estimating the degree and character of the risk, or in fixing the rate of premium.' " *Integon Nat'l Ins. Co. v. Villafranco*, 228 N.C. App. 390, 396, 745 S.E.2d 922, 927 (2013) (quoting *Goodwin v. Investors Life Ins. Co. of N. Am.*, 332 N.C. 326, 331, 419 S.E.2d 766, 769 (1992)). "The determining factor[] . . . is whether the answer would have influenced the company in deciding for itself, and in its own interest, the important question of accepting the risk, and what rate of premium should be charged." *Schas v. Equitable Life Assurance Soc.*, 166 N.C. 55, 59, 81 S.E. 1014, 1015 (1914).

Here, Eugene suppressed a material fact by failing to disclose that Jason was a co-owner and driver of the Pickup. *See Thomas-Yelverton Co.*, 238 N.C. at 282, 77 S.E.2d at 695. At the hearing, Eugene and Jason testified that Jason "[wa]s a part owner" and that "[b]oth of [their] names [we]re on the title." No party presented evidence to the contrary, which means no genuine issue of material fact existed. *See* N.C. Gen. Stat. § 1A-1, Rule 56(c). Thus, in the light most favorable to the nonmovants, *see Dalton*, 353 N.C. at 651, 548 S.E.2d at 707, there is no genuine issue

of material fact concerning whether Eugene suppressed information regarding ownership of the Pickup in the Applications, *see* N.C. Gen. Stat. § 1A-1, Rule 56(c).

Eugene also made a material misrepresentation by stating that only he, not Jason, had prior driving-related charges. *See Integon Nat'l Ins. Co.*, 228 N.C. App. at 396, 745 S.E.2d at 927. In an affidavit, Erie's underwriter stated that, had Eugene disclosed Jason's co-ownership of the Pickup, Erie would have reviewed Jason's driving record and "would not have awarded or renewed the personal catastrophe liability policy" or the automobile policy. Because Eugene's misrepresentation regarding Jason's driving record influenced Erie's assessment of the risk and its decision to issue coverage, it was material. *See Integon Nat'l Ins. Co.*, 228 N.C. App. at 396, 745 S.E.2d at 927; *Schas*, 166 N.C. at 59, 81 S.E. at 1015. Thus, no genuine issue of material fact existed about the materiality of Eugene's misrepresentation regarding Jason's driving record in the Applications. *See* N.C. Gen. Stat. § 1A-1, Rule 56(c). The trial court, therefore, did not err by granting Erie's motion for summary judgment. *See id.*

## V. Conclusion

Accordingly, the trial court did not err by granting Erie's motion for summary judgment. We affirm.

AFFIRMED.

Judges COLLINS and FLOOD concur.

Report per Rule 30(e).